**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ROMMEL MENJIVAR-FLORES

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:26-cv-01170-RFB-NJK

**ORDER ENFORCING (ECF NO. 10) CONDITIONAL WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Rommel Menjivar-Flores's Motion to Enforce (ECF No. 12) this Court's May 10, 2026, Order Granting Petitioner a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 10). For the following reasons, the Court finds Federal Respondents failed to comply with this Court's habeas Order. The Court therefore grants the Motion to Enforce and orders Petitioner's immediate release on personal recognizance. The Court further enjoins Federal Respondents from re-detaining Petitioner without a pre-deprivation, constitutionally adequate bond hearing wherein the government must prove, *by clear and convincing evidence*, that Petitioner's civil detention is justified by an individualized, constitutionally recognized interest.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was arrested and unlawfully detained by ICE on August 15, 2025, pursuant to 8 U.S.C. § 1225(b)(2)(A). See Order Granting Writ of Habeas Corpus 3, ECF No. 10 [hereinafter, "Order Granting Writ"]; see also Pet'r's Pet. for Writ of Habeas Corpus, Ex. A at 21 (Form I-213, "Tab C") ECF No. 1-1. On May 10, 2026, this Court found Petitioner's detention without consideration for release on bond or conditional parole under § 1226(a) was unlawful under the

Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. See Order Granting Writ at 2–6. The Court ordered Respondents to provide Petitioner a "constitutionally adequate bond hearing" by May 12, 2026, "wherein the government must prove, *by clear and convincing evidence*, that Petitioner's civil detention is justified by an individualized, constitutionally recognized interest—*e.g.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings" or immediately release him from detention on his own recognizance. Id. at 5–6. The Court further ordered that if the Immigration Court granted Petitioner release on bond, Respondents were to immediately release him from custody, with an extended deadline of June 12, 2026, to satisfy any bond conditions. Id. at 6–7. The Court also ordered the Immigration Court to "create a contemporaneous record of the bond hearing that is available to Petitioner upon request." Id. at 6.

On May 12, 2026, a bond hearing was held before an Immigration Judge ("IJ"). See Pet'r's Mot. to Enforce, Ex. A at 7 (Order of the Immigration Judge, Ex. "G"), ECF No. 12-1. Despite acknowledging this Court's habeas Order, which placed the burden of establishing Petitioner's dangerousness or flight risk on the Respondents, the IJ kept the burden on the Petitioner in substance. See May 12, 2026, Hr'g Audio at 8:25–8:48, ECF No. 16 (manually filed) [hereinafter, "Recording"] ("The [Petitioner] on this record has not demonstrated that he is not a danger to the community and further, [Petitioner] appears to be a significant flight risk regarding his immigration proceedings and current posture, and so the Court does deny bond on these bases."). The IJ made this finding based on Petitioner's 2013 conviction for driving under the influence, an arrest that was made in 2025 on alleged domestic battery, and the Petitioner's timely-appealed removal order on November 10, 2025. Id. at 7:58–8:24.

On May 13, 2026, Petitioner filed a Motion to Enforce the Court's May 10, 2026, Order Granting Writ based on the IJ's failure to provide a bond hearing in compliance with this Court's Order. See generally Pet'r's Mot. to Enforce, ECF No. 12 [hereinafter, "Motion"]. The Motion became fully briefed on May 28, 2026, competing Status Reports were filed on May 13 and 14, 2026, and a Motion to Expedite was filed on June 22, 2026. This Court's Order follows.

## II.    DISCUSSION

### A.  Legal Standard

When this Court granted Petitioner a writ of habeas corpus, "it declare[d] in essence" that Petitioner was "being held in custody in violation of his constitutional (or other federal) Rights." Harvest v. Castro, 531 F.3d 737, 741 (9th Cir. 2008) (citing 28 U.S.C. § 2254(a)); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody[.]"). However, rather than the traditional remedy of "unconditional release from custody," this Court employed a conditional order of release, which afforded the government an opportunity to promptly "take[] some remedial action" or release Petitioner on personal recognizance. See Harvest, 531 F.3d at 741–42 (citing Wilkinson v. Dotson, 544 U.S. 74, 89 (2005) (Kennedy, J., dissenting) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing")).

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." Rose v. Guyer, 961 F.3d 1238, 1246 (9th Cir. 2020) (quoting Jensen v. Pollard, 924 F.3d 451, 454 (7th Cir. 2019) and citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). If the government "fails to cure the constitutional error, *i.e.*, when it fails to comply with the order's conditions, . . . the conditional grant of habeas corpus *requires* the petitioner's release from custody." Id. (quoting Harvest, 531 F.3d at 750) (emphasis in original).

Upon the filing of a motion to enforce a conditional writ, "a district court must decide whether [the government] has complied with the remedy designed in the underlying habeas proceedings." Id. at 1246 (citing Jensen, 924 F.3d at 454–55). "This decision will in turn determine whether [the government] cured the constitutional violation adjudicated in the habeas proceedings or whether the petitioner is entitled to immediate release from his unconstitutional detention." Id. (citing Harvest, 531 F.3d at 750; Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006)).

### B.  Jurisdiction

Although Federal Respondents do not challenge the Court's jurisdiction to review the IJ's bond determination for compliance with this Court's Order, the Court incorporates by reference

its prior finding that it has jurisdiction to consider whether Petitioner's bond hearing and bond determination complied with due process and this Court's conditional writ. Cruz Perez v. Blanche, No. 2:26-cv-00315-RFB-DJA, 2026 WL -------, at *6–7 (D. Nev. May 15, 2026).

### C. Administrative Exhaustion

Federal Respondents argue that the Court should require Petitioner to appeal the IJ's bond determination to the BIA before seeking relief from this Court. See Fed. Resp'ts' Resp. to Pet'r's Mot. to Enforce 5–9, ECF No. 18 [hereinafter "Response"]. Again, this Court has "authority to review compliance with its earlier order conditionally granting habeas relief." Leonardo, 646 F.3d at 1161 (affirming a district court's finding that administrative exhaustion was required where the petitioner had not "demonstrated grounds for excusing the exhaustion requirement" and the district court concluded "the government 'complied exactly with this Court's Order' by affording a bond hearing before an immigration judge."). For the same reasons as those discussed in Cruz Perez, the Court finds that waiver of the exhaustion requirement is appropriate in this case; the Court incorporates its same findings and reasoning herein. Cruz Perez, No. 2:26-cv-00315-RFB-DJA, at *7–9.

### D. Compliance and Constitutional Adequacy of Petitioner's Bond Hearing

When reviewing an immigration court's bond determination, a habeas court should take the immigration court "at its word" that it applied the correct burden of proof and reviewed all the evidence in the record. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). But when there are "red flags," for example, if the immigration court "misstates the record or fails to mention highly probative or potentially dispositive evidence," then the habeas court must not credit the immigration court's "catchall phrase to the contrary." Id. (citation modified). This Court ordered that the government prove by clear and convincing evidence that Petitioner's detention was justified. "Clear and convincing evidence requires greater proof than preponderance of the evidence. To meet this higher standard, a party must present sufficient evidence to produce 'in the ultimate factfinder an abiding conviction that the truth of its factual contentions are [sic] highly probable.'" Sophanthavong v. Palmateer, 378 F.3d 859, 866 (9th Cir. 2004) (quoting Colorado v. New Mexico, 467 U.S. 310, 316 (1984)). Lastly, in determining whether release on bond is

appropriate, an IJ may consider any or all of the following factors:

> 1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

In re Guerra, 24 I&N Dec. 37, 40 (B.I.A. 2006)

In granting the conditional writ, this Court required Federal Respondents to provide Petitioner with a bond hearing by May 12, 2026, wherein the government would bear the burden of establishing his dangerousness or flight risk through clear and convincing evidence, otherwise he was to be immediately released "from custody on his own recognizance." Order Granting Writ at 6. The IJ twice acknowledged both the Order Granting Writ and the correct burden of proof during the hearing, but "red flags" prevent this Court from crediting the IJ's blanket statement that she applied the correct burden of proof.

At the outset of the hearing, the IJ stated, "The burden is on the government, the Court fully disagrees with that posture as longstanding law holds otherwise, but the District Court has ordered the Court to apply such a burden, and the Court of course will be doing so." Recording at 4:00–4:20. After the IJ had made her decision on the record, she again stated, "In accordance with the habeas Order, again, the court imposes the burden-shifting that was set forth therein. The Court finds that his civil detention is justified and is necessary to prevent danger to the community and to ensure any future participation in removal proceedings. This has been demonstrated by clear and convincing evidence by the government." Recording at 9:02–9:32. But stating the burden of proof and applying it are two different tasks. Notably right before denying bond, the IJ stated that "[t]he [Petitioner] on this record has not demonstrated that he is not a danger to the community and further, [Petitioner] appears to be a significant flight risk regarding his immigration proceedings and current posture, and so the Court does deny bond on these bases." Recording at 8:25–8:48. This is an articulation of the burden of proof in the exact *opposite* direction. The IJ did

not cite any relevant caselaw, mention any of the Guerra factors, indicate the statutory authority she used to evaluate dangerousness, or mention any of the relevant evidence presented by Petitioner. See Martinez, 124 F.4th at 785. These are the types of "red flags" that demonstrate the IJ did not require the government to meet the clear and convincing evidence standard despite her blanket statements to the contrary. See id. Accordingly, this Court finds that the IJ failed to apply the required evidentiary burden and that the bond hearing on May 12, 2026, violated this Court's order accordingly.

Federal Respondents only affirm this finding. See generally Response. Federal Respondents argue that the "Petitioner is attempting to shift the burden on the government to prove dangerousness by 'clear and convincing evidence.'" Id. at 3. Federal Respondents never argue that the IJ correctly applied the evidentiary burden ordered by this Court. See generally id. They only argue that the burden of proof was on the Petitioner to prove to the satisfaction of the IJ that his release on bond was warranted. See id. at 2–3. Federal Respondents' omission of any argument that the bond hearing was conducted as ordered by this Court supports the Court's finding that the IJ failed to apply to the required evidentiary burden at the Petitioner's bond hearing.

Because the government obviously failed to comply with this Court's conditional writ, which required it to bear the evidentiary burden at Petitioner's "constitutionally adequate" bond hearing by May 12, 2026, "or immediately release him from custody on his own recognizance[,]" Petitioner is entitled to release on personal recognizance, without a monetary bond condition. See Rose, 961 F.3d at 1246 (If the government "fails to cure the constitutional error, *i.e.*, when it fails to comply with the order's conditions, . . . the conditional grant of habeas corpus *requires* the petitioner's release from custody.").

///
///
///
///
///
///

### III.    CONCLUSION

Based on the foregoing **IT IS HEREBY ORDERED** that Petitioner's (ECF No. 12) Motion to Enforce is **GRANTED**. The Court enforces its judgment as follows:

1. Respondents **RELEASE** Petitioner from ICE custody on **PERSONAL RECOGNIZANCE on August 6, 2026, between the hours of 12:00 and 3:00 p.m. Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.** This means Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. All other directives in the Court's May 10, 2026, Order Granting Writ remain in full effect. If ICE or DHS impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

2. Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If DHS or ICE fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Petitioner's Motion to Expedite (ECF No. 21) is **DENIED as moot**.

**IT IS FURTHER ORDERED** the parties must file a **JOINT STATUS REPORT** certifying Federal Respondents' full compliance with this Order by **August 7, 2026**. The status report must confirm (i) the date and time of Petitioner's release and (ii) Respondents' compliance with this Court's directives concerning conditions of release.

**IT IS FURTHER ORDERED** that Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8

U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 25(d), that the Clerk of Court is kindly instructed to amend the docket to reflect the following substitution of Respondents: David Venturella, Acting Head of U.S. Immigration and Customer Enforcement, is substituted for Respondent Todd Lyons.

**DATED:** August 5, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**